UNITED STATES DISTRICT COURT  
EASTERN DISTRICT OF NEW YORK

<u>FOR ONLINE PUBLICATION ONLY</u>

JERMAINE BARNES,

                              Petitioner,

            - versus -

SUPERINTENDENT,

                              Respondent.

<u>MEMORANDUM</u>  
<u>AND ORDER</u>  
08-CV-2158

A P P E A R A N C E S

    JERMAINE BARNES  
        Attica Correctional Facility  
        P.O. Box 149  
        Attica, New York 14011  
        *Petitioner* Pro Se

    RICHARD A. BROWN  
        Queens County District Attorney  
        125-01 Queens Boulevard  
        Kew Gardens, New York 11415  
    By:    Johnnette Traill  
        *Attorney for Respondent*

JOHN GLEESON, United States District Judge:

        Jermaine Barnes brings this *pro se* habeas petition pursuant to 28 U.S.C. § 2254, seeking release from the Attica Correctional Facility, where he is incarcerated on state court judgments of conviction for rape in the first and second degree. Barnes contends that the sentence he is currently serving was unlawfully enhanced due to a prior conviction for sodomy in the first degree, and he seeks relief on the basis that his prior conviction was unconstitutionally obtained. For the reasons set forth below, I dismiss the petition.

## BACKGROUND

        On November 3, 1989, Barnes was convicted of sodomy in the first degree, N.Y. Penal Law § 130.50(1), upon a guilty plea before the Supreme Court of the New York, Queens

County ("prior conviction").  He was sentenced to a term of imprisonment of one and three-quarters to five and one-quarter years.  Barnes did not appeal his conviction or sentence.  He was released from prison on parole on December 10, 1992, and was discharged from parole on March 10, 1994.

On December 16, 1999, Barnes was convicted after trial of rape in the first degree, N.Y. Penal Law § 130.35, and rape in the second degree, N.Y. Penal Law § 130.30, in the Supreme Court of New York, Queens County ("current convictions").  Taking into account his prior conviction, the court adjudicated Barnes a second violent felony offender, N.Y. Penal Law §§ 70.02, .04, which ratcheted up his sentencing range.  The court then sentenced Barnes on the current convictions to concurrent prison terms of twenty years and three and one-half to seven years.  Barnes remains incarcerated on the current convictions.

The Appellate Division, Second Department, affirmed Barnes's current convictions on appeal on December 3, 2001, *People v. Barnes*, 734 N.Y.S.2d 480 (2d Dep't 2001), and the New York Court of Appeals denied leave to appeal on March 6, 2002, *People v. Barnes*, 97 N.Y.2d 751 (2002).  Barnes then sought habeas relief pursuant to 28 U.S.C. § 2254 before this Court, and I denied his petition.  *Barnes v. Superintendent*, No. 06 Civ. 3267, 2007 WL 188707 (E.D.N.Y. Jan. 23, 2007).  Barnes appealed my dismissal to the Second Circuit, which dismissed the appeal.  *Barnes v. Superintendent*, No. 07-493 (2d Cir. Aug. 30, 2007).

Barnes then moved to vacate his prior conviction in the Supreme Court of New York, Queens County, pursuant to § 440.10 of the New York Criminal Procedure Law.  He argued that he was denied effective assistance of trial counsel.  The court denied the motion on November 10, 2008, and Barnes did not seek leave to appeal to the Appellate Division.

While his § 440.10 motion was pending, Barnes commenced this case by filing another petition for federal habeas corpus relief under 28 U.S.C. § 2254, this time challenging

2

his prior conviction.  However, at the time he filed the petition – May 23, 2008 – Barnes's sentence on that conviction had already fully expired; he had been released from prison and discharged from parole.  Thus, although he was – and remains – incarcerated on his current convictions, Barnes was no longer "in custody" on his prior conviction and habeas relief under § 2254 was unavailable to him.  *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) ("We have interpreted the ['in custody' requirement of the federal habeas statutes] as requiring that the habeas petitioner be 'in custody' under the conviction or sentence under attack at the time his petition is filed.")  Accordingly, I dismissed the petition for lack of subject matter jurisdiction.  Memorandum and Order filed Aug. 1, 2008, ECF No. 5.

   The Second Circuit issued a certificate of appealability on November 20, 2008, and vacated my dismissal of the petition.  The court remanded to give Barnes the opportunity to file an amended petition that challenged not the prior conviction directly but the unlawful enhancement of his current sentence due to the prior conviction.  *Barnes v. Superintendent*, No. 08-4053 (2d Cir. Nov. 20, 2008).

   Barnes thereafter filed this amended petition.  He argues that his prior conviction is constitutionally defective because his guilty plea was not knowing or voluntary, he was denied his confrontation rights, and his trial counsel was ineffective for failing to notice an appeal and request appointed counsel for an appeal.  Pet. at 6-9, 13.  Because the sentence for his current convictions was enhanced in light of his prior conviction – he was sentenced as a second violent felony offender – Barnes argues that he is entitled to habeas relief with respect to his current convictions, on which he remains "in custody."  The government now moves to dismiss the amended petition.

DISCUSSION

Because Barnes's prior conviction has fully expired, this Court lacks jurisdiction to entertain a habeas petition challenging that conviction. That his prior conviction triggered an enhanced sentence for his current convictions does not render Barnes "in custody" on his prior conviction and thus not affect the jurisdictional analysis. *Lackawanna Cnty. Dist. Att'y v. Coss*, 532 U.S. 394, 402 (2001). However, Barnes is currently incarcerated pursuant to his current convictions, and these convictions may be properly challenged in a habeas proceeding.[1] The Court has jurisdiction to hear an attack on Barnes's current convictions on the basis that he received an enhanced sentence for these convictions due to his unlawful prior conviction. In other words, Barnes may challenge his prior conviction, but he may only do so indirectly, through a challenge to his current convictions. This is precisely what Barnes does in his amended petition.

Although I have jurisdiction to entertain the indirect challenge Barnes here asserts to his prior conviction, the Supreme Court has made clear that relief is available for such a claim only in very limited circumstances. "[O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid." *Id*. at 403. Such is the current status of Barnes's prior conviction, as it is no longer subject to direct or collateral attack. The only certain exception[2] to this rule of

---

[1] Because Barnes has already filed a habeas petition attacking his current convictions, the instant petition is a "successive" petition, the filing of which must be authorized by the court of appeals. 28 U.S.C. § 2244(b)(3). I understand the Second Circuit's November 20, 2008 Order, which vacated my dismissal of Barnes's initial habeas petition in this case and remanded with the express purpose of allowing Barnes to amend his petition to attack his current convictions, to confer the requisite authorization.

[2] The Supreme Court has left open the possibility that another exception might be available if the habeas petitioner cannot "be faulted for failing to obtain timely review of a constitutional claim" regarding a prior conviction such that "a habeas petition directed at the enhanced sentence [for a current conviction] may effectively

4

conclusive validity obtains when a prior conviction is unconstitutional due to "a failure to appoint counsel in violation of the Sixth Amendment, as set forth in *Gideon v. Wainwright*." *Id.* at 404 (citing 372 U.S. 335 (1963)). Because the failure to appoint counsel for an indigent defendant is a "'unique constitutional defect . . . ris[ing] to the level of a jurisdictional defect,'" it renders an otherwise conclusively valid prior conviction subject to attack. *Id.* (quoting *Custis v. United States*, 511 U.S. 485, 496 (1994)) (alteration in original).

In short, the only cognizable challenge Barnes can bring relating to his prior conviction is that the sentence enhancement for his current convictions is unlawful because he was not provided with counsel during the proceedings leading to his prior conviction. Because none of Barnes's claims makes such a challenge,[3] none is cognizable and I need not address Barnes's arguments as to whether his claims would otherwise be meritorious.

## CONCLUSION

For the reasons set forth herein, the petition is dismissed. No certificate of appealability shall issue.

---

be the first and only forum available for review of the prior conviction." *Id.* at 405-06. Because this exception is inapplicable to Barnes, who could have but chose not to seek timely direct or collateral review of his prior conviction, I need not reach the question of whether it is indeed available.

[3] Barnes's argument that his trial counsel was ineffective for failing to notice an appeal and request appellate counsel is distinct from a claim that Barnes was denied counsel on appeal. *See Ross v. Moffitt*, 417 U.S. 600 (1974); *Douglas v. California*, 372 U.S. 353 (1963). The latter claim, if raised, arguably would be cognizable here, because a *Moffitt* violation may be analogous to a *Gideon* violation in this context. However, as Barnes clarified at oral argument held on September 10, 2012, he does not advance such a claim here. Even if Barnes were to make such a claim, and even assuming that such a claim were cognizable, "[a]s with any § 2254 petition, the petitioner must satisfy the procedural prerequisites for relief including . . . exhaustion of remedies." *Lackawanna*, 532 U.S. at 404. Barnes has failed to satisfy those procedural prerequisites with respect a claim that he was not afforded appellate counsel. Exhaustion requires a petitioner to exercise every "right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). A habeas petitioner "must have given the state courts a fair opportunity to review his federal claim and correct the alleged error," which requires him to employ the correct procedural device to raise the claim in the state courts. *Dean v. Smith*, 753 F.2d 239, 241 (2d Cir. 1985). The correct procedural device for Barnes to raise a claim that he was unconstitutionally deprived of appellate counsel was to file a writ of error *coram nobis* in the Appellate Division. *See People v. Bachert*, 69 N.Y.2d 593 (1987). Barnes never filed such a writ, and thus he failed to exhaust his state remedies.

So ordered.

John Gleeson, U.S.D.J.

Dated: September 13, 2012
      Brooklyn, New York